**IT IS ORDERED as set forth below:**



Date:  May 3, 2017

_____

**W. Homer Drake**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| IN THE MATTER OF: | : | CASE NUMBER |
|---|---|---|
| ASHLEY PAYNE TIPLER, | : | 16-12160-WHD |
| Debtor. | : | |
| | : | |
| ASHLEY PAYNE TIPLER, | : | ADVERSARY PROCEEDING |
| | : | NO. 17-1003-WHD |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| GEORGIA DEPARTMENT OF REVENUE, | : | IN PROCEEDINGS UNDER, CHAPTER 7 OF THE BANKRUPTCY CODE |
| Defendant. | : | |

**ORDER**

Before the Court is the Amended Motion for Default Judgment filed by

Ashley Payne Tipler (hereinafter the "Plaintiff") against the Georgia Department

of Revenue (hereinafter the "Defendant"). This matter arises in connection with the Plaintiff's complaint seeking a determination that a tax liability owed to the Defendant is dischargeable. This is a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(a), (b)(2)(I) & 1334.

## Discussion

The Plaintiff filed the complaint initiating the instant proceeding on January 5, 2017, and served the summons and a copy of the complaint on the Defendant on January 6, 2017. The Defendant never filed a responsive pleading. Consequently, the Clerk's office made an entry of default against the Defendant on March 16, 2017. The Plaintiff filed a motion for default judgment on March 20, 2017. However, that motion was not signed, so the Plaintiff filed the instant amended motion on March 23, 2017. *See* Fed. R. Bankr. P. 9011(a) ("Every…written motion…shall be signed….").

"When a defendant has failed to plead or defend, a…court may enter judgment by default." *Surtain v. Hamlin Terrace Foundation*, 789 F.3d 1239, 1244 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 55(b)(2)). "However, a

2

plaintiff is not automatically entitled to a default judgment just because a defendant failed to respond." *Mehr v. IRS (In re Mehr)*, No. 15-5200, 2016 WL 4411279 (Bankr. N.D. Ga. Aug. 11, 2016) (Ritchey Craig, J.). Instead, the "[e]ntry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Surtain*, 789 F.3d at 1245 (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). A "sufficient basis" is one that would survive a motion to dismiss, that is, the plaintiff must plead sufficient factual matter to state a plausible claim. *Id.*

A defendant who does not respond to a complaint "is deemed to admit the plaintiff's well-pleaded allegations of fact," but "he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005)); *accord Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (per curiam).

In the instant proceeding, the Plaintiff seeks a declaration that the debt owed to the Defendant does not fall within the exceptions to discharge found in § 523(a)(1) of the Bankruptcy Code. That section describes three categories of

3

nondischargeable tax debts: (A) tax debts "of the kind and for the periods specified in section 507(a)(3) or 507(a)(8)"; (B) tax debts owed on a return that was not filed or was filed late and less than two years prior to the petition date; and (C) tax debts "with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." 11 U.S.C. § 523(a)(1).

This proceeding does not concern debts of the kind described in § 507(a)(3). *See generally* 11 U.S.C. § 507(a)(3); 11 U.S.C. § 502(f). Section 507(a)(8) covers, "in relevant part, income taxes for which required returns are last due within three years before the petition date, which are assessed within 240 days before the petition date, or which are assessed after commencement of the case." *In re Mehr*, 2016 WL 4411279, at *2.

The Plaintiff's complaint is very brief—only an introduction, five paragraphs, and a prayer for relief. Paragraphs 1 through 3 provide the date the Plaintiff filed the bankruptcy petition, a statement of this Court's jurisdiction, and a statement that the proceeding is "core." Paragraph 4 states, "At the time this case was filed the Plaintiff was indebted to the Defendant in the approximate amount of

4

$1,798.28 for personal income taxes for taxable year 2008." Paragraph 5 states, "This tax liability for the year 2008 does not fall within the exceptions to dischargeability set forth in 11 U.S.C. § 523(a)(1)."

Applying the law to those statements, the Court finds that the Plaintiff has failed to plead sufficient facts to support a finding that the tax debt is dischargeable. To begin with, Paragraph 5 is a legal conclusion, and the Court will not consider it. *See Tyco Fire & Sec., LLC*, 218 F. App'x at 863; *Mehr v. IRS (In re Mehr)*, No. 15-5200, slip op. at 4 (Bankr. N.D. Ga. July 28, 2015) (Murphy, J.). This leaves the Court with Paragraph 4, from which the Court gleans the following facts:

1) The Plaintiff owes a debt to the Defendant.
2) The amount of the debt is approximately $1,798.28
3) The debt is the result of an income tax liability for tax year 2008.

These are certainly necessary facts, but not sufficient to show that none of the exceptions to discharge for tax debts apply. For instance, nothing in the complaint provides the Court with a basis for concluding when the return was last due,

5

whether a return was ever filed, or whether the Plaintiff willfully attempted to evade or defeat the tax. The Court cannot grant default judgment on such a bare-bones complaint. *Compare In re Mehr*, No. 15-5200, slip op. at 3-4 (denying default judgment because the plaintiff failed to show the tax debt did not fall under statutory exception from discharge), *with In re Mehr*, 2016 WL 4411279, at *2 (concluding that amended complaint stated sufficient facts to support default judgment).

## Conclusion

In accordance with the foregoing, it is hereby **ORDERED** that the Plaintiff's Amended Motion for Default Judgment is **DENIED** without prejudice to the Plaintiff amending the complaint, as discussed below, and filing a renewed motion for default judgment. *See generally* Fed. R. Civ. P. 15(a)(2)-(3); *see also* Fed. R. Bankr. P. 7015.

The Plaintiff may file and serve on the Defendant an amended complaint within thirty (30) days of the entry of this Order to plead sufficient facts to support the Plaintiff's claim. If the Plaintiff fails to file an amended complaint within that

time, this proceeding shall stand **DISMISSED**.

The Clerk is **DIRECTED** to serve this Order on the Plaintiff, the Plaintiff's counsel, and the Defendant.

**END OF DOCUMENT**